## In re SCHERZER.

(District Court, N. D. Iowa, W. D. June 7, 1904.)

### No. 621.

1. BANKRUPTCY—PREFERENTIAL TRANSFER OF PROPERTY—DEPOSIT IN BANK.

The deposit of money in bank by an insolvent within four months prior to his bankruptcy, on open account, subject to check, does not constitute a transfer of property amounting to a preference, under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], although the bank may be at the time a creditor; and, under section 68a, the bank has the right to apply the balance in such account as a set-off on its claim.

2. SAME—APPLICATION OF DEPOSIT TO DEBT DUE BANK.

The application by a bank of the amount standing to the credit of a depositor in his general account, subject to check on a note of the depositor, although within four months prior to his bankruptcy, and while he was insolvent, does not constitute a preference which must be surrendered, under Bankr. Act July 1, 1898, § 57g, as amended (Act Feb. 5, 1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 415], as a condition to the proving of a claim against the estate.

In Bankruptcy. On petition for review of orders of referee sustaining objections of trustee to claim of First National Bank of Melvin, and rejecting such claim.

Hunter & McCallum, for First Nat. Bank.

John R. Carter, for trustee.

REED, District Judge. A creditors' petition was filed against the bankrupt January 14, 1904, and he was adjudged bankrupt thereon

February 25th following. The First National Bank of Melvin, Iowa, filed a claim against the bankrupt estate, based upon a promissory note of the bankrupt for $1,134, dated August 28, 1903, on which is indorsed a payment of $180 November 25, 1903. The referee finds that, at the time the bankruptcy petition was filed, a balance of $176.43 stood to the credit of the bankrupt upon the books of the bank. The bank claims the right to apply this as an offset upon its note, and to have the balance of the note allowed as a claim against the bankrupt estate, under section 68a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]). The trustee objects to this, and to the allowance of the claim in any sum, because the payment of $180 indorsed upon the note November 25, 1903, amounts to a preference, and has not been surrendered by the bank. The referee sustained these objections, and refused to allow the claim, upon the grounds that the payment of $180 November 25, 1903, was a preference, and had not been surrendered by the bank, and that to allow the $176.43 as an offset would also be a preference, and that both are forbidden by section 60 of the bankruptcy act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). Neither the claim, the objections thereto, nor the testimony, is certified up by the referee.

As to the item of $176.43, it is plain that the bank is entitled to have this amount applied as an offset upon its note against the bankrupt, in the absence of collusion between them, and to have the balance of the note allowed as a claim against the bankrupt estate, under the recent decision of the Supreme Court in New York National Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380, providing it has not otherwise received a preference which, under section 57g of the bankruptcy act as amended (Act Feb. 5, 1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 415]), will prevent the allowance of such claim.

As to item of $180, the findings of the referee do not show how this was paid. If this amount was also on deposit with the bank, and was applied by it at that date (November 25, 1903) upon its note against the bankrupt, this of itself would not constitute a preference. If it was a payment made by the bankrupt from funds other than what he had on deposit in the bank, or by his check upon funds so on deposit, then whether or not it would be a preference would depend upon the circumstances of such payment. As the referee has made no finding in regard to this, and the testimony is not before the court (if there was any upon this point), the order of the referee rejecting the claim will be reversed, and the matter referred back to him, with directions to take the testimony and ascertain the facts in regard to this payment of $180, if issue was made in regard thereto. If it be found to be a preference actually made within four months prior to the filing of the petition in bankruptcy, when the bankrupt was insolvent, that the bank then had reasonable cause to believe that the bankrupt was insolvent, and that it was intended by such payment to give it a preference, then the claim of the bank should not be allowed, unless it shall surrender such preference. Bankr. Act, § 57g, as amended. If it shall be found not to be a preference, or that the

bank had no reasonable cause to believe at the time it was made that a preference was thereby intended; or if it did have, and shall surrender such preference, then the item of $176.43 should be allowed as an offset upon the note of the bank, and the balance of the note, after such allowance, allowed as a claim against the bankrupt estate.

It is ordered accordingly.